IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| BLUE STATE REFUGEES; LUKE ROBERTSON; and CHAD DOLLICK, | ) Case No. ___3:21-cv-3024___ ) |
| Plaintiffs, | ) COMPLAINT FOR ) DECLARATORY, ) INJUNCTIVE, AND |
| v. | ) OTHER RELIEF ) |
| KRISTI NOEM, Governor of South Dakota, in her official capacity; SCOTT BOLLINGER, Commissioner, Bureau of Administration, in his official and individual capacities; BRENT GILL, Manager, Buildings and Grounds, Bureau of Administration, in his official and individual capacities; and LEAH SVENDSEN, Special Projects Coordinator, Bureau of Administration, in her official and individual capacities, | ) TEMPORARY ) RESTRAINING ORDER ) REQUESTED ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

INTRODUCTION

Just as the First Amendment guarantees individuals the right to

celebrate Christmas in many traditional ways, including worshipping at

church, decorating trees, or caroling, it forbids the State from

prohibiting the freedoms of speech and petition. Alas, "Christmas" is

now the State's excuse for prohibiting all political demonstrations throughout the 200-plus acres of the State capitol grounds, from as early as November 1 through New Year's Day.

The State capitol grounds are the quintessential traditional public forum. Arguably no place in the State is as proper a location for political speech as is the seat of the State's government. And perhaps the most critical time for such political speech to occur is when the State's legislature is in session. With two special sessions set for November 8 and 9, 2021, Plaintiffs plan on rallying the public to their cause—support for a pandemic-related bill—on those days, on the State capitol grounds.

But when Plaintiffs sought a permit for their demonstration, they were told that no gatherings were permitted anywhere on the State capitol grounds, for at least two months, because the State is decorating its capitol for Christmas.

In no plausible way can accommodating holiday decorating justify the wholesale deprivation of speech and petition rights throughout the entire capitol grounds for over two months. Indeed, this restriction vastly exceeds the Christmas decoration provisions in the State's

guidelines. The Court should put an immediate end to the practice, and restore the people's fundamental freedoms to speak, assemble, and petition their state government for a redress of grievances in the place and at the times when such freedoms matter most.

THE PARTIES

1.  Plaintiff Blue State Refugees is an unincorporated association of South Dakotans who moved to the state from other parts of the United States seeking greater individual freedom. Blue State Refugees brings this action on behalf of itself and its approximately 30 members.

2.  Plaintiff Luke Robertson is a natural person and citizen of South Dakota and of the United States. He is an active member of Blue State Refugees.

3.  Plaintiff Chad Dollick is a natural person and citizen of South Dakota and of the United States. He is an active member of Blue State Refugees.

4.  Defendant Kristi Noem is the Governor of South Dakota. As the State's chief executive officer, Noem is ultimately responsible for enforcing the laws complained of in this action. She is sued in her official capacity.

5.  Defendant Scott Bollinger is the Commissioner of South Dakota's Bureau of Administration. He is responsible for adopting the speech prohibitions complained of in this action. He is sued in his official and individual capacities.

6.  Defendant Brent Gill is the Manager of Buildings and Grounds at the South Dakota Bureau of Administration. He is sued in his official and individual capacities.

7.  Defendant Leah Svendsen is the Special Projects Coordinator at the South Dakota Bureau of Administration. She is responsible for event planning at the South Dakota state capitol grounds. She serves as liaison between grounds staff and agency personnel who hold events in the Capitol, by coordinating event set up and decorating as well as ensuring that Bureau of Administration policies and guidelines for facility use are followed. She is sued in her official and individual capacities.

JURISDICTION AND VENUE

8.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1346, as this action challenges

Defendants' violation of Plaintiffs' civil rights pursuant to 42 U.S.C. § 1983.

9.   Venue lies in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants reside within this judicial district.

STATEMENT OF FACTS

*South Dakota's Capitol Grounds*

10.  South Dakota's Capitol "is located at 500 East Capitol Avenue and houses the state Legislature, Supreme Court, most of the Constitutional Officers, and various bureaus of executive management." South Dakota Bureau of Administration, Buildings and Grounds, *State Capitol and Capitol Grounds Use Guidelines* ("Guidelines"), https://boa.sd.gov/central-services/docs/public_facilities_brochure.pdf (last visited Nov. 1, 2021).

11.  "The Capitol campus grounds are comprised of more than 200 acres of state property that includes 23 buildings; Capitol Lake; more than 80 acres of cultured grass, including Hilger's Gulch; and numerous memorials." *Id.*

*The Regulatory Regime*

12.  The Commissioner of Administration is allowed to promulgate rules and regulations governing use of the Capitol and its grounds. S.D. Codified Laws § 5-15-34.

13.  Accordingly, "No person may hold any event, function, or demonstration on the capitol complex unless a facility use request has been submitted to and approved by the Bureau of Administration prior to the use or function to be held." S.D. Admin. Code § 10:08:01:02; Guidelines § A.1.

14.  "Activities and events include any: formal or informal gathering or congregation of people for any purpose; display or exhibit; or performance, demonstration or ceremony." Guidelines § A.2.

15.  "Capitol grounds are available for activities and events from 7:00 a.m. to 9:00 p.m. (CT) daily. Areas on the Capitol grounds commonly requested for activities and events include: the front steps of the Capitol; areas around Capitol Lake; and Hilger's Gulch." *Id.* § B.4.

16.  "During the annual Christmas tree display (Thanksgiving week through New Years) the public areas in the Capitol building are

reserved solely for activities and events related to the display, and special scheduling and space considerations apply . . . ." *Id.* § B.5.

17.  The "Facility Use Request" that people must use in seeking a permit to use the state capitol grounds provides that applicants first contact the Buildings and Grounds office "to confirm availability of the date requested before completing this application form." South Dakota Bureau of Administration, "Application for Use of the Capitol and Grounds," available at https://boa.sd.gov/forms/PublicFacilitiesApp.aspx (last visited Nov. 3, 2021).

18.  "Any person who violates a rule promulgated pursuant to § 5-15-34 commits a petty offense." S.D. Codified Laws § 5-15-35. Petty offenses are civil proceedings in which the State acts as plaintiff. S.D. Codified Laws § 22-6-7. The State is awarded $25 for prevailing in a petty offense proceeding, though that amount may be reduced or eliminated in the interests of justice. S.D. Codified Laws § 23-1A-22.

*Defendants' Censorship of Plaintiffs' Political Speech*

19.  Plaintiffs regularly hold political demonstrations and rallies throughout the year, including during the Christmas holiday season. Most of these demonstrations have taken place in and around

7

Spearfish, South Dakota, but Plaintiffs are ready to spread their message to other parts of the State, including to the state capitol grounds.

20.  Among their beliefs, Plaintiffs and their members deeply believe that receipt of COVID-19 vaccines should not be required to maintain employment, attend schools, or access public accommodations and other businesses. Some of them object to these drugs on religious grounds. Others believe the risk/reward profile of these drugs cuts against their use, at least on their own facts. They believe that it is morally wrong, and socially and economically harmful, to require people who do not wish to take these drugs to take them as a condition of employment, education, or visiting a business.

21.  South Dakota legislators have drafted legislation, Draft 55, the "COVID-19 Vaccine Freedom of Conscience Act," which would bar employers, educational institutions, and businesses from requiring that people be vaccinated against COVID-19.

22.  South Dakota's part-time legislature is set to meet in special sessions on November 8 and 9, 2021.

23.  Plaintiffs intend to hold a political demonstration in support of Draft 55, on the South Dakota capitol grounds, on November 8 and 9, 2021, to coincide with the special legislative sessions on those days. They believe that their speech would be most effective if they can express themselves on the capitol grounds while all legislators are expected to be at the Capitol. The demonstration would involve speeches by Robertson, Dollick, and others; chanting; the waving of signs and flags; and the distribution of political literature.

24.  Plaintiffs have attracted approximately 30-40 people to their demonstrations in the past. They estimate at least as many people would attend their planned November 8-9 demonstration at the capitol grounds.

25.  Plaintiffs also intend to regularly hold political demonstrations on the South Dakota capitol grounds during the winter holiday season, as they believe that their messages of freedom, community, and renewal resonate with the holiday spirit.

26.  On October 29, 2021, Luke Robertson, for himself and for Blue State Refugees, emailed Joan Henderson, Senior Secretary at the state Bureau of Administration, seeking a demonstration permit. Robertson's

email expressed, "My friends and I consider ourselves Blue State Refugees, and we would like to obtain a permit for using the capitol grounds on Nov 8 and 9 for a political demonstration during the Special Session. How can we obtain this permit?"

27.  Henderson responded via email, "Unfortunately, the Capitol Grounds are not available during the Special Session due to the Christmas decorating season."

28.  Robertson responded via email by linking to the Guidelines, and stating, "The State Capitol and Capitol Grounds Use Guidelines say on section B5 that the annual Christmas tree display is for Thanksgiving week through New Years. My request is for Nov 8-9, which does not fall in that range. Can you please clarify?" On November 1, 2021, Henderson replied, explaining,

> South Dakota Capitol in Pierre has a huge Christmas Tree display during that time. And in order to prepare for the display, we start decorating in October. The week of November 8, we have scaffolding in the Capitol Rotunda and we are decorating. In front of the Capitol, we will be preparing for bringing in over 100 trees.

29.  On November 1, 2021, Blue State Refugee member Sara Lynn Bouzek called the State Bureau of Administration, at the number provided on the permit application form, to inquire about getting a

permit to demonstrate at the capitol grounds. She spoke with Joan
Henderson, who told her that demonstrations are not allowed between
November 1 and January 1 anywhere on State capitol grounds property
because they are decorating the Capitol for Christmas.

30.  Ms. Henderson stated that decorating activity ends on November
22 this year, to be followed by the official lighting ceremony on
November 23. She invited Bouzek's party to visit the Capitol to view the
decorations, and offered to have Defendant Leah Svendsen call her back
with further information.

31.  Shortly afterward, Bouzek received a call from Svendsen.
Svendsen confirmed that no demonstrations are allowed during the
months of November and December anywhere on the State capitol
grounds, because the State considers its decorating activities to be an
"event" and allows only one "event" per day anywhere, inside or outside,
on the capitol grounds, per Guidelines § A.4 ("Only one activity or event
per day will be approved on a first come, first served basis."). Svendsen
stated that a demonstration at any time in November or December
would interfere with the decorators' work.

32.  Plaintiffs will refrain from engaging in their planned November 8 and 9 demonstration and future holiday season demonstrations at the capitol grounds, because they fear that their demonstration would be disrupted, and that they might face arrest, petty offense charges, fines, and potentially prosecution and imprisonment by Defendant Noem for demonstrating without a permit.

COUNT ONE
RIGHT OF FREE SPEECH, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
FACIAL CHALLENGE TO SEASONAL SPEECH PROHIBITION

33.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 32.

34.  Advocating for political change "at the site of the State Government" is the "most pristine and classic form" of exercising the First Amendment freedoms of speech and petition. *Edwards v. South Carolina*, 372 U.S. 229, 235-36 (1963).

35.  State capitol grounds are the quintessential traditional public fora, "parks which 'have immemorially been held in trust for the use of the public and, time out of mind, have been used for purposes of assembly, communicating thoughts between citizens, and discussing

public questions.'" *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983) (quoting *Hague v. CIO*, 307 U.S. 496, 515 (1939)).

36.  "The privilege of a citizen of the United States to use the streets and parks for communication of views on national questions may be regulated in the interest of all . . . but it must not, in the guise of regulation, be abridged or denied." *Hague*, 307 U.S. at 515-16. Accordingly, the government "may impose reasonable restrictions on the time, place, or manner of protected speech" in a public forum, "provided the restrictions are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information." *McCullen v. Coakley*, 573 U.S. 464, 477 (2014) (internal quotation marks omitted).

37.  Defendants' seasonal speech prohibition – their policy of refusing all capitol grounds permit applications, and thereby forbidding "any event, function, or demonstration on the capitol complex," S.D. Admin. Code § 10:08:01:02; Guidelines § A.1, including "any: formal or informal gathering or congregation of people for any purpose; display or exhibit; or performance, demonstration or ceremony," Guidelines § A.2, between

November 1 and January 1, on account of Christmas decoration, is not narrowly tailored to serve any significant governmental interest and does not leave open any ample alternative channels of communication. Thus the seasonal speech prohibition on its face violates the First Amendment right of free speech.

38.  By enforcing the seasonal speech prohibition, Defendants, under color of law, deprive Plaintiffs of the right to free speech in violation of the First and Fourteenth Amendments to the United States Constitution. Plaintiffs are thus damaged in violation of 42 U.S.C. § 1983, and are therefore entitled to damages; declaratory and preliminary and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

COUNT TWO
RIGHT OF FREE SPEECH, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
AS-APPLIED CHALLENGE TO SEASONAL SPEECH PROHIBITION

39.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 38.

40.  Plaintiffs' planned political demonstrations on the South Dakota capitol grounds are fully-protected by the First Amendment right to free speech. Defendants' seasonal speech prohibition is unconstitutional as applied against Plaintiffs' planned political demonstrations.

41.  By enforcing the seasonal speech prohibition against Plaintiffs' planned political demonstrations, Defendants, under color of law, deprive Plaintiffs of the right to free speech in violation of the First and Fourteenth Amendments to the United States Constitution. Plaintiffs are thus damaged in violation of 42 U.S.C. § 1983, and are therefore entitled to damages; declaratory and preliminary and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

COUNT THREE
RIGHT TO PETITION, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
FACIAL CHALLENGE TO SEASONAL SPEECH PROHIBITION

42.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 41.

43.  "[T]he right to petition for a redress of grievances is among the most precious of liberties." *Calzone v. Summers*, 942 F.3d 415, 422 (8th

Cir. 2019) (en banc) (internal quotation marks and other punctuation omitted).

44.  Although "[c]ourts should not presume there is always an essential equivalence in the [Speech and Petition] Clauses or that Speech Clause precedents necessarily and in every case resolve Petition Clause claims," *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 388 (2011) (citation omitted), Petition Clause claims may be decided using Speech Clause analysis, *id.* at 389; *Hoffmann v. Liberty*, 905 F.2d 229, 233 (8th Cir. 1990).

45.  Defendants' seasonal speech prohibition is not a valid time, place, and manner restriction on the right to petition, as it is not narrowly tailored to serve any significant governmental interest and does not leave open any ample alternative channels of communication. Thus, the seasonal speech prohibition on its face violates the First Amendment right to petition the government for a redress of grievances.

46.  By enforcing the seasonal speech prohibition, Defendants, under color of law, deprive Plaintiffs of the right to petition the government for a redress of grievances in violation of the First and Fourteenth

Amendments to the United States Constitution. Plaintiffs are thus damaged in violation of 42 U.S.C. § 1983, and are therefore entitled to damages; declaratory and preliminary and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

COUNT FOUR
RIGHT TO PETITION, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
AS-APPLIED CHALLENGE TO SEASONAL SPEECH PROHIBITION

47.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 46.

48.  Plaintiffs' planned political demonstrations on the South Dakota capitol grounds are fully-protected by the First Amendment right to petition the government for a redress of grievances. Defendants' seasonal speech prohibition is unconstitutional as applied against Plaintiffs' planned political demonstrations.

49.  By enforcing the seasonal speech prohibition against Plaintiffs' planned political demonstrations, Defendants, under color of law, deprive Plaintiffs of the right to petition the government for a redress of grievances in violation of the First and Fourteenth Amendments to the

United States Constitution. Plaintiffs are thus damaged in violation of 42 U.S.C. § 1983, and are therefore entitled to damages; declaratory and preliminary and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

COUNT FIVE
RIGHT TO ASSEMBLE, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
FACIAL CHALLENGE TO SEASONAL SPEECH PROHIBITION

50.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 49.

51.  "The right of peaceable assembly is a right cognate to those of free speech and press and is equally fundamental." *De Jonge v. Oregon*, 299 U.S. 353, 364 (1937).

52.  Defendants' seasonal speech prohibition is not a valid time, place, and manner restriction on the right to peaceably assemble, as it is not narrowly tailored to serve any significant governmental interest and does not leave open any ample alternative channels of communication. Thus the seasonal speech prohibition on its face violates the First Amendment right to peaceably assemble.

18

53.  By enforcing the seasonal speech prohibition, Defendants, under color of law, deprive Plaintiffs of the right to peaceably assemble in violation of the First and Fourteenth Amendments to the United States Constitution. Plaintiffs are thus damaged in violation of 42 U.S.C. § 1983, and are therefore entitled to damages; declaratory and preliminary and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

## COUNT SIX
### RIGHT TO ASSEMBLE, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
### AS-APPLIED CHALLENGE TO SEASONAL SPEECH PROHIBITION

54.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 53.

55.  Plaintiffs' planned political demonstrations on the South Dakota capitol grounds are fully-protected by the First Amendment right to peaceably assemble. Defendants' seasonal speech prohibition is unconstitutional as applied against Plaintiffs' planned political demonstrations.

56.  By enforcing the seasonal speech prohibition against Plaintiffs' planned political demonstrations, Defendants, under color of law, deprive Plaintiffs of the right to peaceably assemble in violation of the First and Fourteenth Amendments to the United States Constitution. Plaintiffs are thus damaged in violation of 42 U.S.C. § 1983, and are therefore entitled to damages; declaratory and preliminary and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendants as follows:

1.  Orders preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from refusing to provide or denying applications to use the South Dakota capitol grounds on account of holiday decorating activity at the South Dakota Capitol, except for requests to access

space during specific, limited times and that said precise space must necessarily be in active use for decorating activity;

2. Declaratory relief consistent with the injunctions, establishing that Defendants' seasonal speech prohibition, barring all political demonstrations from November 1 through January 1 on account of Christmas decorating, violates the First Amendment rights of speech, petition, and assembly, on its face and as-applied to Plaintiffs' political demonstrations, as the prohibition is not narrowly tailored to serving any significant government interests and does not leave ample alternatives for communication;

3. A temporary restraining order enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from refusing to provide or denying Plaintiffs' applications to use the South Dakota capitol grounds on November 8 and 9, 2021, for political demonstrations, on account of holiday decorating activity at the South Dakota Capitol; and/or, enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who

receive actual notice of the injunction, from enforcing S.D. Admin.

Code § 10:08:01:02 or any other law to disrupt Plaintiffs'

November 8 and 9, 2021 political demonstration on the South

Dakota capitol grounds for lack of a permit;

4. Against Defendants Bollinger, Gill, and Svendsen in their

individual capacities, nominal damages in the amount of $1;

5. Cost of suit, including attorney fees and costs pursuant to 42

U.S.C. § 1988; and

6. Any other relief as the Court deems just and appropriate.

Dated:  November 3, 2021          Respectfully submitted,

                                  /s/ Stacy R. Hegge
Alan Gura*                        Stacy R. Hegge
INSTITUTE FOR FREE SPEECH         Richard Williams
1150 Connecticut Ave., N.W.       Catherine Seeley
Suite 801                         GUNDERSON, PALMER, NELSON &
Washington, DC 20036                 ASHMORE, LLP
202.967.0007                      111 W. Capitol Ave., Suite 230
agura@ifs.org                     Pierre, SD 57501
                                  605.494.0105
                                  shegge@gpna.com
                                  cseeley@gpna.com

                                  Counsel for Plaintiffs

   *Pro hac vice application forthcoming

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Blue State Refugees; Robertson, Luke; and Dollick, Chad

## DEFENDANTS

Noem, Kristi; Bollinger, Scott; GIII, Brent; Svendsen, Leah

**(b)** County of Residence of First Listed Plaintiff   Lawrence
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

See attachment

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [x] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government Defendant
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983

Brief description of cause:
State deprivation of freedom of speech & freedom of assembly in traditional public forum

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   $17.91; declaratory, inj

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   11-3-21

SIGNATURE OF ATTORNEY OF RECORD   *Stacy R. Hegge*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____